IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-42-BO

| | | |
|---|---|---|
| WESLEY EARL WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 21, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for child's insurance benefits based on disability (CDB)[1] and supplemental security income (SSI). Plaintiff protectively filed for CDB and SSI on May 8, 2012, alleging disability since January 1, 1996.[2] After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who considered plaintiff's claim *de novo*. The ALJ issued an unfavorable ruling, and the decision of the ALJ became the final decision of

---

[1] Disabled child insurance benefits are available if a claimant is eighteen years old or older and has a disability which began before the age of twenty-two. 20 C.F.R. § 404.350(a)(5).
[2] Plaintiff previously filed for CDB and SSI on August 31, 2010, alleging an onset date of November 19, 1992. That claim was denied on December 14, 2010, and plaintiff did not appeal. Accordingly, the ALJ found that res judicata applied from plaintiff's 1996 alleged onset date through December 14, 2010, because the previous applications were based on the same facts and issues as the current claims.

decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision

2

Case 7:16-cv-00042-BO   Document 24   Filed 03/24/17   Page 2 of 7

regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff, who was born on November 19, 1992, had not attained the age of twenty-two as of December 15, 2010, and that he had not engaged in substantial gainful activity since the first day of the relevant time period. Plaintiff's neurofibromatosis[3] was considered a severe impairment at step two but was not found alone or in combination with any other impairment to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform a reduced range of sedentary work. Specifically,

---

[3] "Neurofibromatosis is a genetic disorder of the nervous system. It mainly affects how nerve cells form and grow. It causes tumors to grow on nerves. . . . Usually the tumors are benign, but sometimes they can become cancerous." https://medlineplus.gov/neurofibromatosis.html (last visited 23 March 2017).

3

the ALJ found that plaintiff could lift and carry up to ten pounds occasionally and lesser amounts frequently, sit for six hours of an eight-hour day, stand and walk occasionally, but must alternate sitting and standing every hour. The ALJ found that plaintiff had no past relevant work but that, considering plaintiff's age, education, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, including assembler, quality control examiner, and grader/sorter. Thus, the ALJ determined that plaintiff was not disabled from December 15, 2010, through the date of her decision, July 31, 2014.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006).

The ALJ erred in relying on the "lack of treatment records regularly documenting abnormal findings" in determining that plaintiff's neurofibromatosis did not cause symptoms to the extent alleged by plaintiff. Tr. 45. Although the ALJ stated that she recognized that plaintiff's medical record was sparse following his loss of Medicaid insurance at the age of eighteen in 2012, and notes that she does not "view any lack of treatment in a negative light," she goes on to rely on the absence of treatment records as evidence that plaintiff's claims regarding his symptoms and limitations are not supported. *Id.* This circular logic is untenable and the ALJ's conclusions based thereon are not supported by substantial evidence.

4

Dr. Pressley examined plaintiff as a consultative examiner in 2010 and 2012 and as a private physician in 2014. Tr. 331; 437; 443. In 2010, Dr. Pressley noted that she believed plaintiff to have serious discomfort and to be limited to a sedentary activity which would allow him alternate between sitting and standing. Tr. 336. In 2012, Dr. Pressley again examined plaintiff, noting that in the past year he had surgeries due to his neurofibromatosis and that plaintiff had headaches everyday as well as back and leg pain due to tumors and surgeries. Tr. 439. Dr. Pressley noted that plaintiff used to be her private patient and that the information he had provided was true, that he would need time off work for surgeries, that he would only be able to do sedentary activities and would need to be permitted to get up and move frequently. Tr. 442. Dr. Pressley noted that in the last few years plaintiff had had "an increasing number of large tumors develop . . . and this can make his prognosis worrisome." *Id.* In 2014, Dr. Pressley again examined plaintiff, noting that he was having problems with his hip, that plaintiff's bones are weakened by tumors, and that plaintiff appeared to have fractured his fifth metacarpal though he had not sought treatment for it due to his lack of insurance. Tr. 447.

Dr. Schuett, plaintiff's treating orthopedist, performed an arthroscopic shoulder reconstruction in September 2010, Tr. 377, excised a mass from plaintiff's right wrist in April 2011, Tr. 359, excised multiple masses from plaintiff's back and wrist in November 2011, Tr. 355, and excised a leg mass in June 2012. Tr. 410.

At the hearing before the ALJ, plaintiff testified that he could not sit for long periods and would need to get up every few minutes, Tr. 63, that his neurofibromatosis caused chronic pain, Tr. 62, that more than thirty minutes of sitting would result in plaintiff's being in pain, and that he would need to rest after walking about one-half the length of a football field. Tr. 70-71.

5

Plaintiff's testimony is consistent with the opinion of Dr. Pressley. Although the ALJ found there to be no medical evidence containing abnormal findings consistent with plaintiff's statement that he would need to get up every few minutes due to pain, "[b]ecause pain is not readily susceptible of objective proof, however, *the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative.*" *Hines*, 453 F.3d at 564–65 (emphasis in original) (citation omitted). Plaintiff's condition causes tumors to form on his nerves, and the record lacks any evidence which would suggest that such condition would not result in pain. Plaintiff testified that after sitting for approximately thirty minutes he would be in excruciating pain; even finding plaintiff's subjective statement only partially credible, plaintiff's ability to stay on task and focused on work after sitting for an hour would be plainly disrupted due to pain.

Plaintiff's ongoing need for surgery to remove tumors, which would take him out of work for periods of time, as well as his chronic, consistent, daily pain resulting from his neurofibromatosis, results in his being unable to perform sustained work-related activities in a work setting on regular and continuing basis. The ALJ's finding to the contrary is not supported by substantial evidence.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*,

624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The ALJ has explained her reasoning and there is no ambivalence in the medical record which would preclude this Court from review. The Court in its discretion finds that reversal for an award of benefits rather than remand is appropriate in this instance.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 17] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __23__ day of March, 2017.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE